FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 6- 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

UNITED STATES OF AMERICA,

                Petitioner,

- against -

MARLON PENNY,

                Defendant.

-------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

09-CR-0544 (BMC)(LB)

**COGAN**, District Judge.

This case is before the Court on defendant Marlon Penny's objections to Magistrate Judge Lois Bloom's February 5, 2010 Report and Recommendation ("Report"), which recommended denying defendant's motion to dismiss the indictment. For the reasons set forth below, the Report is adopted in part and the motion is denied.

## BACKGROUND

The facts of this matter are set forth in Judge Bloom's detailed Report and revisited only briefly here. Defendant Penny was charged and indicted on illegal reentry charges, pursuant to 8 U.S.C. §§1326(a) and (b)(2), having previously been deported through an expedited administrative removal proceeding by the United States Immigration and Customs Enforcement. Defendant moves for dismissal of the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(2) and the Fifth Amendment, claiming that his prior deportation order was invalid.



# DISCUSSION

## A. Standard of Review

A district court judge may refer certain matters to a magistrate judge for a report and recommendation. See 28 U.S.C. §636(b)(1). If objections are timely filed, the district court must consider the issues raised therein *de novo*. Id.; see United States v. Padilla, 06-CR-824, 2007 WL 1958894, at *1 (E.D.N.Y. June 29, 2007). Defendant timely filed his objections.

## B. Illegal Reentry

Defendant moves to dismiss the indictment by attacking the prior removal underlying his prosecution. A non-citizen charged with a violation of § 1326 may collaterally attack the validity of a prior deportation order and proceedings since the prior order is a necessary element of the charged criminal offense. See 8 U.S.C. § 1326(d); see also United States v. Mendoza-Lopez, 481 U.S. 828 (1987). To challenge the prior deportation order, a defendant alien must demonstrate that (1) he exhausted any available administrative remedies against the order; (2) the deportation proceedings at which the order was issued deprived him of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. 8 U.S.C. §1326(d). To establish fundamental unfairness, the defendant must show actual prejudice, which exists where there is "a reasonable probability that, but for the ... errors, the alien would have been granted ... relief." United States v. Lopez, 445 F.3d 90, 96 (2d Cir. 2006).

## C. Defendant's Objections

Judge Bloom found that defendant had met the first two prongs of §1326(d). Defendant therefore objects only to Judge Bloom's factual findings and legal conclusions with respect to the third prong. Specifically, defendant objects to that portion of the Report which concludes that he has not suffered actual prejudice because he did not demonstrate (1) a reasonable probability of

2

converting his expedited removal proceedings into a full hearing before an immigration judge; or (2) once converted, that he had a reasonable probability of obtaining a waiver of inadmissibility pursuant to §212(h) of the Immigration and Nationality Act ("INA"). I adopt Judge Bloom's findings and overrule defendant's first objection. This point is dispositive and I therefore need not reach the second objection.

Defendant contends that his immigration officer should have converted his expedited § 238 proceeding into a full proceeding with an immigration judge under § 240 of the INA because he raised a genuine issue of fact requiring a full hearing and additional evidence.[1] Defendant relies on his *pro se* letter submission, where he stated: "I can show the judge a few reasons why I can stay in the U.S. The first reason is when I came to the U.S. I was a little baby, and I came by plane, all the airline people did was stamp my passport, so I don't know why it says I was not lawfully admitted."

The quoted statement did not allow the officer to take defendant out of the expedited hearing process because it did not raise a genuine issue of fact as to the preliminary finding that he was not lawfully admitted for permanent residence. The applicable standard is set forth in 8 C.F.R. § 238l.1(d)(2)(ii). It provides:

> If the deciding Service officer finds that the record of proceeding, including the alien's timely rebuttal, raises a genuine issue of material fact regarding the preliminary findings, the deciding Service officer may ... cause to be issued a notice to appear to initiate removal proceedings under section 240 of the Act.

---

[1] Focusing on the failure to provide a list of qualified free legal services programs and organizations, defendant's supplemental submission conflates the fair opportunity for judicial review prong with the fundamental fairness prong of challenging an underlying deportation order. Other than summarily concluding that "counsel would likely have been able to persuade the reviewing DHS officer...to adjust his status and remain in the United States," defendant does not demonstrate a reasonable probability of conversion to a § 240 hearing. Even with the free legal services, defendant would not have been able to raise an issue of fact with respect to the preliminary findings. As a non-legal permanent resident and aggravated felon, defendant was ineligible for discretionary relief. United States v. Santiago-Ochoa, 447 F.3d 1015, 1020 (7th Cir. 2006) (opining that "the absence of prejudice is deducible almost as a matter of law" for aliens removed under § 1228 (b)).

This standard – requiring an applicant to raise a "genuine issue of material fact" as to the preliminary findings – is well known to the law: it is the familiar language in Federal Rule of Civil Procedure 56(c). It is firmly established that even a *pro se* litigant cannot meet this standard by interposing bald or speculative assertions. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999); Viscusi v. Proctor & Gamble, No. 05-cv-1528, 2007 WL 2071546, at *9 (E.D.N.Y. 2007) ("proceeding *pro se* does not otherwise relieve a litigant from the usual requirements of summary judgment."). Rather, the litigant must point to actual evidence that the fact asserted by his adversary is not true. See Rexnord Holdings, Inc., v. Biderman, 21 F.3d 522, 525-26 (2d Cir. 1994).

Here, Judge Bloom correctly concluded that even considering defendant's *pro se* status, he offered no such evidence. As his letter acknowledged, he came here as an infant and thus has no personal knowledge of his immigration status. He simply drew the conclusion that because his mother told him that he came on a plane and his passport was stamped, he was lawfully admitted for permanent residence. Even if his mother had a visa, he had no personal knowledge that it was a permanent resident visa that included him or that it had not long expired by the time of the commencement of proceedings against him. In fact, long after the deportation proceedings, in his objections to the Report, defendant submitted an affirmation by his mother. The affirmation states that she was a lawful permanent resident at the time of his deportation, but that it was his step-father who was "prepared to file a petition for Marlon to adjust his status." The affirmation confirms defendant's non-legal resident status at the time of deportation. The immigration officer thus acted properly in finding the absence of any genuine issue as to his preliminary findings.

Defendant contends that even if his letter did not raise a genuine issue of material fact as to the preliminary findings, he still would have qualified for conversion to a § 240 proceeding instead of the expedited proceeding. For this, defendant relies on Appendix 14 of the <u>Detention and Deportation Officers' Field Manual</u>. The Field Manual indicates that an officer has discretion to convert an administrative removal proceeding to a hearing if he finds that a "timely response raises a genuine issue of material fact involving novel, very complex and/or discretionary matters." Dep't of Homeland Security, United States Immigration & Customs Enforcement, <u>Detention and Deportation Officers' Field Manual App</u>. 14-1 IV (2002), FIMDDOFMN.

Defendant's reliance on the Field Manual is misplaced. The manual is a guide without force of law; it cannot contradict the statute and regulations, and thus cannot imbue the officer with discretion that the statute and regulations do not convey. It is too vague to invest applicants with rights that are contradicted by law. Since the statute and regulations require demonstration of a genuine issue of material fact as to the preliminary findings, the manual's reference to "discretionary matters" in the expedited proceedings context is a non-sequitur. At least in the context of this case, there were no "discretionary matters" at issue.

The immigration officer therefore properly commenced the § 1228 expedited removal proceeding. <u>See</u> <u>United States v. Brown</u>, 127 F. Supp. 2d 392, 403 (W.D.N.Y. 2000) ("[i]f the Attorney General determines that an alien is deportable under 8 U.S.C. §1227(a)(2)(A)(iii), based on a conviction of an aggravated felony, the Attorney General may issue an expedited removal order pursuant to § 1228(b)(1)"); <u>see also</u> 8 C.F.R. § 238.1(d)(2)(ii). No procedural error denied him the relief he sought.[2] Defendant has not demonstrated that defects in the

---

[2] The principal procedural errors, outlined in Judge Bloom's Report, were defendant's removal from the country within eight days rather than the statutorily prescribed 14, and the Government's misinformation in its Notice of Intent to defendant that he had 14 days to file a petition of review,

deportation proceedings "may well have resulted in a deportation that would not otherwise have occurred." United States v. Fernandez-Antonia, 278 F.3d 150, 159 (2d Cir. 2002).

Once properly subject to expedited removal, defendant was not prejudiced in failing to obtain an inadmissibility waiver. Not only did he lack a *reasonable* probability of obtaining the § 212(h) discretionary waiver, he had *no* probability of doing so. The "statutory scheme [] bars § 212(h) relief to non-LPR aggravated felons if the Attorney General uses expedited procedures." Jankowski–Burczyk v. I.N.S., 291 F.3d 172, 179 (2d Cir. 2002). Indeed, defendant was expressly ineligible to apply for any form of discretionary relief from removal. 8 U.S.C. § 1228(b)(5) ("No alien described in this section shall be eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion."). See United States v. Santiago-Ochoa, 447 F.3d 1015 (7th Cir. 2006) (finding no actual prejudice since defendant was "an aggravated felon, which means he is conclusively presumed to be subject to removal and ... when we add to the obstacles imposed by virtue of that status the effect of § 1228(b)(5)'s exclusion of aliens removed under the expedited procedures from 'any relief from removal that the Attorney General may grant in the Attorney General's discretion,' the absence of prejudice is deducible almost as a matter of law.").

Because I adopt the Report's conclusion with respect to the improbability of having an immigration judge consider defendant's claim, I see no occasion for determining the probability of defendant obtaining a waiver based on "extreme hardship," assuming *arguendo* his expedited proceeding was converted to a full hearing.

---

instead of the 30 days required by law. While these errors may have foreclosed proper judicial review, neither of the procedural defects resulted in a deportation that would not have otherwise occurred.

6

## CONCLUSION

For the reasons set forth above, Judge Bloom's Report is adopted in part and the motion is denied.

**SO ORDERED.**

/s/(BMC)
_____
U.S.D.J.

Dated: Brooklyn, New York
       April 6, 2010